IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY WAYNE FARRIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:15-cv-3190-B-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | (Consolidated With: |
| | § | No. 3:15-cv-3188-B-BF) |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Billy Wayne Farris, a federal prisoner, proceeding *pro se*, initially filed two construed 28 U.S.C. § 2255 motions to vacate, set aside, or correct sentence. *See* Dkt. No. 3; *Farris v. United States*, No. 3:15-cv-3188-B-BF (N.D. Tex.), Dkt. No. 3. His consolidated civil actions have been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 2; *see also* Dkt. No. 6 (amended Section 2255 motion).

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Farris's motion to stay and abate these actions pending the decision of United States Supreme Court in *Beckles v. United States* and also deny his amended Section 2255 motion.

**Applicable Background**

In separate criminal cases, one each for robberies he committed in Texas and

Arkansas, Farris pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and he was sentenced to consecutive terms of 188 months' imprisonment. *See United States v. Farris*, 312 F. App'x 598 (5th Cir. 2009) (per curiam) (affirming his convictions and sentences).

## Legal Standards and Analysis

Through his amended Section 2255 motion, Farris seeks relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. While the Supreme Court has made that decision retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016), the holding of *Johnson* is limited to the residual-clause definition of "violent felony." *See* 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Whether *Johnson* should be expanded to other criminal statutes containing similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. And, on June 27, 2016, the Supreme Court granted a petition for certiorari to address, among other issues, whether *Johnson* applies retroactively to collateral cases challenging federal

sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) (related to how "crime of violence" is defined in the career-offender provision of the sentencing guidelines) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review. *See Beckles v. United States*, 136 S. Ct. 2510 (2016).

Farris's sentences do not implicate ACCA's residual clause, but, because Farris had prior felony convictions in Arkansas for aggravated robbery and false imprisonment, the offense-level component of each sentence was enhanced under the career-offender provision in the sentencing guidelines. *See* U.S.S.G. § 4B1.1.

> The Guidelines Section 4B1.1 career offender sentencing enhancement requires a defendant convicted of a crime of violence or controlled substance offense to have at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. [At the applicable time,] Section 4B1.2 define[d] a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. The italicized clause is what is referred to as the "residual clause."

*Bishop v. Cross*, No. 15-cv-00854-DRH, 2015 WL 5121438, at *1 (S.D. Ill. Aug. 31, 2015).

But the Court need not wait for the Supreme Court to decide whether *Johnson* invalidates the residual-clause definition of "crime of violence" contained in Section 4B1.2(a), because neither prior felony conviction used for enhancement purposes depends on the applicable residual clause.

First, as the Fifth Circuit concluded on direct appeal, Farris's

> conviction under the Arkansas aggravated robbery statute, A.C.A. § 5-12-103, qualifies as a crime of violence because the Arkansas aggravated robbery statute, like the Arkansas robbery statute, corresponds to the generic, contemporary meaning of robbery as it involves misappropriation of property under circumstances involving danger to another person.

*Farris*, 312 F. App'x at 599-600 (citing U.S.S.G. § 4B1.2, cmt. n.1 (2007) (in part providing that, "[f]or purposes of this guideline," "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."); other citations omitted).

Moreover, both convictions contain "as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). *See* ARK. CODE ANN. § 5-12-103(a) (an element of aggravated robbery is that a person "[i]nflicts or attempts to inflict death or serious physical injury upon another person"); *United States v. Watson*, 332 F. App'x 341, 343 (8th Cir. 2009) (per curiam) ("the definition of false imprisonment in the first degree under Arkansas law has as an element the use, attempted use, or threatened use of physical force against another person." (citing ARK. CODE ANN. § 5-11-103(a); USSG § 4B1.2(a)(1))).

**Recommendation**

The Court should deny the motion to stay and abate pending the United States Supreme Court's decision in *Beckles v. United States* [Dkt. No. 11] and also deny the amended Section 2255 motion [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE